Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ADA DÍAZ ALMODÓVAR<br><br>Parte Recurrida<br><br>v.<br><br>ORIENTAL BANK, FULANO DE TAL Y OTROS<br><br>Parte Peticionaria | TA2025CE00836 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. SJ2023CV00486<br><br>Sobre: Despido Injustificado (Ley 80) Procedimiento Sumario bajo Ley 2 |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

Comparece Oriental Bank mediante recurso de *certiorari* y solicita que revoquemos la *Resolución* emitida el 17 de septiembre de 2025, y notificada el 18 de septiembre de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante el referido dictamen, el foro primario denegó la *Moción de sentencia sumaria* presentada por Oriental Bank, al concluir que existen controversias sobre hechos medulares del caso que deben dilucidarse en un juicio en su fondo, y no mediante el mecanismo de sentencia sumaria.

La parte recurrida, Sra. Ada Díaz Almodóvar (señora Díaz Almodóvar) compareció ante este Tribunal mediante escrito en *Oposición a Expedición de Certiorari.*

Examinado el recurso, el escrito en oposición y los documentos del expediente judicial, resolvemos denegar la expedición del auto de *certiorari.*

**I.**

En el contexto de un pleito laboral, presentado por la señora Díaz Almodóvar, en el que presentó causas de acción por despido injustificado, acoso laboral y represalias, el querellado Oriental Bank presentó una *Moción de sentencia sumaria*[1] por insuficiencia de prueba. Adujo que no existían hechos materiales en controversia con relación a las reclamaciones de la demanda y que la señora Díaz Almodóvar no cuenta con evidencia suficiente para probar su caso, pues la prueba descubierta no satisface los elementos necesarios para establecer sus causas de acción. Así, argumentó que el despido de la señora Díaz Almodóvar había sido justificado, pues se fundamentó en el incumplimiento de la empleada con las normas y políticas del banco, así como en el legítimo interés de la entidad en preservar la adecuada marcha de las operaciones de la institución. Con respecto a la causa de acción al amparo de la Ley Núm. 115 de 20 de diciembre de 1991 (*Ley de acción por represalias del patrono*), puntualizó que la señora Díaz Almodóvar no logró establecer un caso *prima facie* de represalias. Por último, planteó la improcedencia de la causa de acción por acoso laboral, por no concurrir los requisitos necesarios para establecer dicha causa de acción. Ante ello, adujo que procedía que el foro primario dictara sentencia sumaria a su favor y desestimara con perjuicio la totalidad de la querella.

La señora Díaz Almodóvar presentó su *Moción en oposición a moción de sentencia sumaria.*[2] En síntesis, identificó los hechos en controversia que impedían dictar sentencia sumaria, sustentados con prueba documental, a base de los cuales solicitó que se declarara no ha lugar la solicitud de sentencia sumaria presentada

---

[1] Véase, expediente electrónico del caso SJ2023CV00486 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada 124, *Moción de sentencia sumaria.*
[2] *Íd.,* Entrada 128, *Moción en oposición a moción de sentencia sumaria.*

por Oriental Bank, y que se ventilaran las controversias en un juicio plenario.

Sometido el asunto, y luego de evaluar los escritos presentados, el 18 de septiembre de 2025, el TPI notificó la *Resolución*[3] objeto de revisión en este recurso. En el referido dictamen, el foro recurrido consignó veinticinco (25) determinaciones de hechos no controvertidos y sesenta y cinco (65) hechos sobre los cuales existe controversia. En síntesis, el tribunal recurrido expresó que existe controversia en torno a los actos imputados a la señora Díaz Almodóvar y la verdadera causa de su despido. Así pues, a la luz de la existencia de controversias de hecho, resolvió que no procedía dictar sentencia sumariamente.

Oportunamente, Oriental Bank presentó una moción de reconsideración[4] a la cual la señora Díaz Almodóvar instó su oposición[5]. El 28 de octubre de 2025, el TPI dictó la *Resolución interlocutoria*[6] que denegó la solicitud de reconsideración.

Inconforme, el 1 de diciembre de 2025, Oriental Bank incoó el presente recurso de *certiorari*[7], en el que únicamente impugnó la determinación del TPI en torno a dos de las tres causas de acción entabladas por la señora Díaz Almodóvar. En esos términos, señaló que:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A DESESTIMAR SUMARIAMENTE LA CAUSA DE ACOSO LABORAL CUANDO LA RECLAMENTE NO TIENE DERECHO ALGUNO A OBTENER UN REMEDIO AL AMPARO DE LA LEY 90-2020.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A DESESTIMAR SUMARIAMENTE LA CAUSA DE ACCIÓN DE REPRESALIAS CUANDO LA RECLAMANTE NO LOGRÓ ESTABLECER UN CASO *PRIMA FACIE*.

---

[3] *Íd.,* Entrada 133, *Resolución.*
[4] *Íd.,* Entrada 134, *Moción de reconsideración.*
[5] *Íd.,* Entrada 136, *Oposición a moción de reconsideración.*
[6] *Íd.,* Entrada 137, *Resolución interlocutoria.*
[7] SUMAC-TA, Entrada 1, *Petición de Certiorari.*

El 11 de diciembre de 2025, la señora Díaz Almodóvar presentó su escrito en *Oposición a expedición de Certiorari*[8], y expuso las razones por las cuales entiende que el recurso no cumple con los criterios en los que procedería expedir el auto de *certiorari*.

## II.

## A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[9]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.[10] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

---

[8] *Íd.,* Entrada 2, *Oposición a expedición de Certiorari*.
[9] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[10] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[11], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra,* enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari,* mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[12]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[13] Por tanto, de no estar

---

[11] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).
[12] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[13] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[14] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[15]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera'".[16] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[17] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[18]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos

---

[14] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular*, supra, pág. 155.

[15] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[16] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657–658 (1997).

[17] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular*, supra.

[18] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra, pág. 658.

materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[19]

## c.

El mecanismo de sentencia sumaria, regulado por la Regla 36 de Procedimiento Civil[20] permite al tribunal disponer de un caso sin celebrar vista en su fondo.[21]

La Regla 36.1 de Procedimiento Civil[22], establece que una moción de sentencia sumaria debe estar fundada en declaraciones juradas, o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes.[23] Por tanto, el Tribunal podrá dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas, si las hubiere, surge que no exista ninguna controversia real sobre los hechos materiales y esenciales del caso y solo resta por resolver una controversia de estricto derecho.[24]

En otro extremo, la sentencia sumaria resulta improcedente cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho, no proceda.[25]

---

[19] *SLG Zapata Rivera v. J.F. Montalvo*, supra, citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).

[20] 32 LPRA Ap. V, R. 36.

[21] *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 334 (2021); *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020); *Abrams Rivera v. E.L.A.,* 178 DPR 914, 932 (2010); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

[22] 32 LPRA Ap. V, R. 36.1.

[23] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 335; *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018).

[24] 32 LPRA Ap. V, R. 36.3(e); *León Torres v. Rivera Lebrón,* supra; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, supra, pág. 214; *González Aristud v. Hosp. Pavía*, 168 DPR 127, 137-138 (2006).

[25] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, págs. 335-336; *Mejías et al. v. Carrasquillo et al.*, supra, pág. 299; *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714 (1986).

La parte promovida tiene el deber de refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria.[26] En este sentido, la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. Dicha parte está obligada a controvertir la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud, ya que, de no hacerlo, corre el riesgo de que de dicte sentencia sumaria en su contra, de proceder en derecho.[27]

Sin embargo, el hecho de que la otra parte no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si realmente existe una controversia sustancial sobre hechos esenciales y materiales.[28]

Asimismo, toda inferencia que se haga de los hechos incontrovertidos debe hacerse de la manera más favorable a la parte que se opone a la misma.[29] A tono con este principio, el Tribunal Supremo ha indicado que, "[a]l considerar la moción de sentencia sumaria se tendrán como ciertos los hechos no controvertidos que consten en los documentos y las declaraciones juradas ofrecidas por la parte promovente."[30]

En el caso de un foro apelativo, este debe utilizar los mismos criterios que el tribunal sentenciador al determinar si procede dictar sentencia sumaria, sin embargo: (1) sólo puede considerar los documentos que se presentaron ante el foro de primera instancia; y

---

[26] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 336; *León Torres v. Rivera Lebrón,* supra, pág. 44; *Ramos Pérez v. Univisión,* supra, pág. 215.
[27] *León Torres v. Rivera Lebrón,* supra, pág. 43.
[28] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 337.
[29] *Mejías et al. v. Carrasquillo et al.,* supra, pág. 300; *Corp. Presiding Bishop CJC of LDS v. Purcell,* supra, pág. 721.
[30] *Piñero v. A.A.A.,* 146 DPR 890, 904 (1998).

(2) sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y si el derecho se aplicó de forma correcta.[31]

Así pues, por estar en la misma posición que el foro primario al momento de revisar las solicitudes de sentencia sumaria, el Tribunal Supremo de Puerto Rico estableció un estándar específico, que, como foro apelativo, debemos utilizar. A tales efectos, en *Meléndez González, et al. v. M. Cuebas*[32], indicó que, de entrada, debemos revisar que tanto la moción de sentencia sumaria, así como su oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil.[33] Subsecuentemente, si existen hechos materiales controvertidos, "el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos".[34] Por el contrario, si encontramos que los hechos materiales del caso son incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente la norma jurídica aplicable a la controversia que tuvo ante sí.[35]

El modelo de sentencia sumaria por insuficiencia de prueba fue adoptado por el Tribunal Supremo en *Medina v. M.S. & D. Química P.R., Inc.*[36]. Esta modalidad procede cuando la parte demandante no cuenta con evidencia suficiente para probar su caso.[37] Específicamente, el promovente debe establecer que: (1) el juicio en su fondo es innecesario; (2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial a su

---

[31] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, págs. 337-338; *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 129 (2012).
[32] 193 DPR 100 (2015).
[33] *Íd.*, pág. 118.
[34] *Íd.*, pág. 119.
[35] *Íd.*
[36] 135 DPR 716 (1994).
[37] *Rodríguez Méndez v. Laser Eye*, 195 DPR 769, 786 (2016).

reclamación; y, (3) como cuestión de derecho, procede la desestimación de la reclamación.[38]

No obstante, para disponer de un pleito por dicho fundamento es indispensable que se le haya brindado a la parte promovida amplia oportunidad para realizar un descubrimiento de prueba y que se demuestre que la prueba descubierta no satisface los elementos necesarios para establecer su causa de acción.[39] Por su lado, la parte promovida no puede evitar tal solicitud "por el mero pretexto de que, a pesar de no contar con evidencia suficiente para probar un elemento indispensable para su reclamación, merece su 'día en corte'"[40]. Así que, para derrotar una moción de sentencia sumaria bajo la modalidad de la insuficiencia de la prueba, la parte promovida puede, entre otras cosas presentar con su oposición una prueba admisible en evidencia o una prueba que pueda convertirse en admisible – aunque de momento no lo sea – o que dé lugar a una prueba admisible que demuestre que existe evidencia para probar los elementos esenciales de su caso; que hay prueba en el récord que puede convertirse en una prueba admisible que derrotaría la contención de insuficiencia del promovente; que la moción es prematura porque el descubrimiento es inadecuado, está a medias o no se ha realizado, o que éste, por su naturaleza, no es un caso que conviene que se resuelva por el mecanismo expedito de la sentencia sumaria.[41]

Valga apuntar que, a la modalidad de sentencia sumaria por insuficiencia de la prueba le aplican todos los principios que deben utilizarse por los tribunales al resolver una solicitud de sentencia sumaria.[42] Por ello, podrá dictarse sentencia sumaria solamente cuando no exista ninguna controversia real sobre los hechos

---

[38] *Íd.*
[39] *Íd.,* pág. 787.
[40] *Íd.*
[41] *Medina v. M.S. & D. Química P.R., Inc.,* supra, pág. 734.
[42] *Íd.*

materiales y esenciales del caso[43] y, además, si en derecho procede el reclamo.[44] "[C]uando existe duda sobre si hay o no prueba suficiente o si hay una controversia de hecho, esta duda debe resolverse en favor de la parte promovida"[45].

Así pues, el mecanismo de sentencia sumaria es un remedio discrecional que procederá solo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, que no existen controversias sobre hechos materiales y esenciales, y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria.[46]

Hay que señalar que una sentencia sumaria, por constituir una decisión en los méritos es el precedente de cosa juzgada[47] cuando se opone entre partes debidamente relacionadas.[48] Por ello, se ha advertido que, antes de resolver una controversia por la vía sumaria, el juzgador habrá de discernir cuidadosamente al respecto, pues "mal utilizada, puede prestarse para despojar a un litigante de su 'día en corte', principio elemental del debido proceso de ley"[49].

De otra parte, el Tribunal Supremo ha señalado que no es aconsejable dictar sentencia sumaria en casos cuyas controversias versan esencialmente sobre asuntos de credibilidad o involucren aspectos subjetivos, como lo es la intención, los propósitos mentales o la negligencia.[50] Sin embargo, también se ha dicho que ello no

---

[43] Un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable". *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). A su vez, la controversia relacionada a un hecho material debe ser real, "por lo que cualquier duda es insuficiente para derrotar una Solicitud de Sentencia Sumaria". *Íd.*, págs. 213-214.

[44] *SLG Zapata-Rivera v. J.F. Montalvo,* supra.

[45] *Medina v. M.S. & D. Química P.R., Inc.,* supra.

[46] *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Véase, además, *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2019).

[47] El efecto de la aplicación de la doctrina de cosa juzgada es que la sentencia emitida en un pleito anterior impide que se litiguen posteriormente, entre las mismas partes y sobre las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas, y aquellas que se pudieron haber litigado. *Mun. De San Juan v. Bosque Real, S.E.,* 58 DPR 743, 769 (2003).

[48] *Vera v. Dr. Bravo*, supra, pág. 335.

[49] *González v. Alicea, Dir. Soc. Asist. Legal,* 132 DPR 638, 646-647 (1993).

[50] *Aponte Valentín et al. v. Pfizer Pharm.*, 208 DPR 263, 278 (2021).

impide la utilización del mecanismo de sentencia sumaria en las reclamaciones que requieran elementos subjetivos o de intención cuando de los documentos que serán considerados en la solicitud de sentencia sumaria surja que no existe controversia en cuanto a los hechos materiales.[51]

**III.**

Al evaluar la petición de *certiorari* del presente caso concluimos que, aun cuando el asunto está contemplado en los supuestos sujetos a revisión de la Regla 52.1 de Procedimiento Civil, *supra,* la solicitud no cumple con ninguno de los criterios de la Regla 40 de Reglamento de este Tribunal, *supra,* que justifique nuestra intervención con el dictamen recurrido.

Un examen de la resolución recurrida refleja que el TPI, tras evaluar las mociones presentadas por las partes, solamente consideró aquellos hechos bien alegados y sustentados con prueba, y emitió una lista de veinticinco (25) hechos incontrovertidos. No obstante, enumeró otros sesenta y cinco (65) sobre los cuales entiende que existe controversia. Ello, hace necesario escuchar los testimonios de las partes y aquilatar su credibilidad antes de realizar una determinación final.

Es decir, el récord no permitía concluir, de forma incontrovertida, que procedía resolver la controversia a favor de Oriental Bank. Los actos imputados a la señora Díaz Almodóvar y las versiones irreconciliables alegadas por las partes sobre la razón del despido, no establecen con claridad el derecho a la desestimación sumaria solicitada por la institución bancaria.

Siendo ello así, resolvemos que no medió arbitrariedad o error, ni abuso de discreción por parte del TPI en su determinación de

---

[51] *Íd.*

denegar la solicitud de sentencia sumaria promovida por Oriental Bank.

**IV.**

Por lo antes expresado, se deniega la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Díaz Rivera concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones